UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAYA AGRICULTURAL FEED MILL CO., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | _____ |
| HERITIER BYISHIMO, ALAXCO INTERNATIONAL, and JPMORGAN CHASE BANK, N.A., | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Taya Agricultural Feed Mill Co. ("Plaintiff") hereby files this Complaint against Defendants Heritier Byishimo, Alaxco International ("Alaxco"), and JP Morgan Chase Bank, N.A. ("Chase Bank," and together with Mr. Byishimo and Alaxco, "Defendants"), hereby alleges as follows:

### PARTIES

1. Plaintiff is an entity organized under the laws of the Kingdom of Saudi Arabia, and is engaged in the production of livestock and poultry feed.

2. Defendant Heritier Byishimo is an individual residing at 1021 Sydnor Street, Houston Texas, 77020.

3. Defendant Alaxco is a purported Texas limited liability corporation with business offices at 1021 Sydnor Street, Houston Texas, 77020. Alaxco's purported members reside in Texas.

4. Defendant Chase Bank is a Delaware corporation with an office located at 10611 Broadway Street, Pearland, Texas. Chase Bank may also be served through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. Plaintiff is a foreign entity, and Defendants are residents of this District. The amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction over this controversy pursuant to 28 U.S. Code § 1332(a).

## FACTUAL ALLEGATIONS

6. Plaintiff is in the business of producing livestock and poultry feed. In connection with this business, Plaintiff requires raw materials, including "dried distillers grain in soluble" ("DDGS"), a protein-rich grain blend.

7. In or around November 2020, an entity purportedly named Alaxco approached Plaintiff, and represented itself as a supplier of DDGS and offered to supply Plaintiff with DDGS.

8. Specifically, Alaxco offered to deliver Plaintiff 1000 metric tons of DDGS in exchange for payment of $305,000. In doing so, Alaxco affirmatively represented to Plaintiff that it was a supplier of DDGS and that it would be able to supply Plaintiff with DDGS.

9. On or about November 13, 2020, Plaintiff entered into a Sales Contract for Distillers Dried Grains (the "Sales Contract") with Alaxco. A true and correct copy of the Sales Contract is attached hereto as Exhibit A.

10. Pursuant to the Sales Contract, Defendant Alaxco agreed to deliver to Plaintiff 1000 metric tons of DDGS for a total payment of $305,000. Ex. A.

11. Pursuant to the Sales Contract, payment of the $305,000 was to be made 50% in advance of shipping by Alaxco of the DDGS and the remaining 50% was to be paid after receipt by Plaintiff of the DDGS. *Id.*

12. Pursuant to the Sales Contract, Alaxco was to ship the DDGS on December 1, 2020. *Id.*

13. At the time the Sales Contract was executed, Alaxco provided Plaintiff with an invoice (the "Alaxco Invoice") with, among other things, its purported bank account (the "Fraudulent Bank Account") information, including its bank (Chase Bank), account name, account number, and swift code, in order for Plaintiff to make payment *via* wire of the 50% advance. A true and correct copy of the Alaxco Invoice is attached hereto as Exhibit B.

14. In accordance with the Sales Contract, Plaintiff thereafter made a payment, *via* wire, of $152,500 to the Fraudulent Bank Account, representing 50% of the Sales Contract price.

15. However, despite Plaintiff making payment of the 50% Sales Contract price, Alaxco has failed to deliver any DDGS to Plaintiff.

16. This is because, unbeknownst to Plaintiff at all times, Alaxco was a fictitious entity which Mr. Byishimo fabricated and then used, with the assistance of Chase Bank, to defraud Plaintiff.

17. Mr. Byishimo first prepared fake registration documents for Alaxco.

18. Those documents included a counterfeit Certificate of Commercial Registration (the "Counterfeit Registration") for Alaxco that was purportedly filed with the Texas Secretary of State in April 2016. A true and correct copy of the Counterfeit Registration is attached hereto as Exhibit C.

19. However, to any sophisticated entity operating in Texas, including Chase Bank, the Counterfeit Registration was obviously fake and transparently invalid. *See* Ex. C.

20. First, although the Counterfeit Registration identifies account and central registry numbers for Alaxco, a brief search of the Texas Secretary of State shows not only that both numbers do not exist, but that there is no record of Alaxco at all.

21. Second, the Counterfeit Registration contains numerous glaring misspellings, mis-capitalizations, and sections that are improperly completed. For example, the Counterfeit Registration (i) fails to set forth Defendant Alaxco's full name (instead using "Alaxco International" in lieu of the required "Alaxco International LLC"), and (ii) states that the registered agent for Alaxco is an organization, but then identifies the agent as an individual, Dr. Atiolo Graham David. *Id.*

22. Third, the Counterfeit Registration identifies Alaxco as a limited liability company with a registered agent and manager named Dr. Atiolo Graham David and another manager named Jessica Altina. *Id.* However, both Dr. David and Ms. Altina are listed as having the same address as Mr. Byishimo, *i.e.*, 1021 Sydnor Street, Houston, Texas 75001.

23. Fourth, Mr. Byishimo is not listed as an officer, manager, or agent of Defendant Alaxco on the Counterfeit Registration. *Id.*

24. Fifth, the Counterfeit Registration identifies a secondary address for Dr. Atiolo Graham David as "7786 capital Avenu [sic] Arlington County, Arlington, Tx 75001." *Id.* Aside from the misspelling and mis-capitalization, that address does not exist.

25. Sixth, the Counterfeit Registration s dated April 8, 2016 and contains the purported signature and stamp of Ruth R. Hughs, Secretary of State. *Id.* However, Ruth R. Hughs did not become Secretary of State for another three years, in or about August 2019.

26. In short, the Counterfeit Registration was clearly fake and identifiable as fake by any sophisticated Texas party.

27. Mr. Byishimo then opened, with the assistance of an employee (the "Chase Bank Employee") of Chase Bank at one of its branches located at 10611 Broadway Street, Pearland, Texas, the Fraudulent Bank Account.

28. Upon information and belief, Mr. Byishimo and the Chase Bank Employee were personal acquaintances.

29. The Chase Bank Employee assisted Mr. Byishimo in opening the Fraudulent Bank Account by, among other things, accepting knowingly false information from Mr. Byishimo and allowing Mr. Byishimo to open the account in the name of the fictitious Alaxco entity.

30. As set forth below, the Chase Bank Employee knowingly and intentionally exercised commercially unreasonable banking practices in opening the Fraudulent Bank Account.

31. Indeed, a Chase Bank Business Signature Card (the "Chase Card") for the Fake Account shows that the account was a Chase Total Business Account in the name of "Heritier Byishimo dba Alaxco International." It further shows that the Fraudulent Bank Account was opened on October 14, 2020, shortly before the fraud committed on Plaintiff. A true and correct copy of the Chase Card is attached hereto as Exhibit D.

32. The Chase Card then lists Mr. Byishimo's purported individual social security number as the Taxpayer ID Number. Ex. D. However, a simple review of the numbers makes clear that it is fake – indeed, it starts with three numbers (854) that do not exist on any social security number. *Id.* This fact evidences that the Chase Bank Employee knew that Mr. Byishimo had provided a fake social security number.

33. In addition, as made clear on Chase Bank's website, "[o]pening a business bank account requires proof of identification for both you and your business." *See* https://business.chase.com/resources/start/what-do-you-need-to-open-a-business-account; *see also* https://www.chase.com/content/dam/chasecom/en/business-banking/documents/limited-liability-checklist.pdf.

**PLAINTIFF'S ORIGINAL COMPLAINT** 5

34. As such, in order to open the Fraudulent Bank Account, Mr. Byishimo necessarily provided documentation regarding Alaxco, including Alaxco's Counterfeit Registration.

35. However, as set forth above, Alaxco's Counterfeit Registration is, on its face, plainly fake. *See* Ex. C.

36. Accordingly, Chase Bank's Employee who was presented with this registration information knew or should have known that it was fake and, thus, that Alaxco was not a valid entity.

37. Moreover, and as further evidence that Chase Bank's Employee knew that Mr. Byishimo was providing fake documentation and opening a fake bank account, the Counterfeit Registration provided by Mr. Byishimo identifies Alaxco as a limited liability company with two managers that were not Mr. Byishimo. However, the Chase Card shows that the account was opened as "Heritier Byishimo dba Alaxco", and not as a limited liability company. *See* Ex. D. In addition, neither of the managers identified on the Counterfeit Registration is included on the Chase Card. *Compare id. with* Ex. C.

38. Finally, when Alaxco provided Plaintiff with wire instructions to the Fraudulent Bank Account, it listed the same address for Alaxco as the address for the Chase Bank Branch (10611 Broadway Street, Pearland, Texas 77584). *See* Ex. B.

39. Accordingly, the Chase Bank Employee knew that Mr. Byishimo was opening the Fraudulent Bank Account to defraud Plaintiff and, in fact, defrauded Plaintiff.

## COUNT I
### Fraud – As to Defendants Heritier Byishimo and Alaxco

40. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

41.     By the fraudulent acts described in paragraphs 6 through 39, Mr. Byishimo willfully and intentionally defrauded Plaintiff and made or caused to be made false, fraudulent and material misrepresentations and omissions to Plaintiff concerning the fact that Alaxco was a supplier of DDGS and that Alaxco could and would supply Plaintiff with DDGS in exchange for payment of $305,000.

42.     Mr. Byishimo and Alaxco intentionally made the false, fraudulent and material misrepresentations and omissions and engaged in the conduct described herein, in order to induce Plaintiff to transfer $152,500 to Mr. Byishimo and Alaxco for a purported purchase of DDGS.

43.     At the time that the false, fraudulent and material misrepresentations were made, Mr. Byishimo and Alaxco knew that they were false, and such statements and acts by Mr. Byishimo and Alaxco were made and done with the intent of deceiving and defrauding Plaintiff.

44.     Plaintiff reasonably relied upon Mr. Byishimo's and Alaxco's false, fraudulent and material misrepresentations and omissions, including by entering into the Sales Contract and wiring funds to the Fraudulent Bank Account.

45.     As a direct and proximate result of Mr. Byishimo's and Alaxco's false, fraudulent and material misrepresentations and omissions, Plaintiff has been damaged in an amount in excess of $152,500.

## COUNT II
### Fraud and Aiding and Abetting Fraud – As to Defendant Chase Bank

46.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

47.     By the fraudulent acts described in paragraphs 6 through 46, Chase Bank (through its Chase Bank Employee) willfully and intentionally participated and aided and abetted Mr. Byishimo and Alaxco to defraud Plaintiff, by, among other things, knowingly participating in

opening the Fraudulent Bank Account to allow Mr. Byishimo and Alaxco to make or cause to be made false, fraudulent and material misrepresentations and omissions to Plaintiff concerning the fact that Alaxco (i) was a legitimate Texas limited liability company, (ii) had a valid bank account at Chase Bank, (iii) was a supplier of DDGS and (iv) could and would supply Plaintiff with DDGS in exchange for payment of $305,000.

48. Chase Bank knew that the Fraudulent Bank Account was opened using counterfeit and false corporate documents of Alaxco and that Mr. Byishimo and Alaxco made the false, fraudulent and material misrepresentations and omissions and engaged in the conduct described herein, in order to induce Plaintiff to transfer $152,500 to the Fraudulent Bank Account to Mr. Byishimo and Alaxco for a purported purchase of DDGS.

49. In opening the Fraudulent Bank account for Alaxco, Chase Bank (through its Chase Bank Employee) knowingly and intentionally exercised commercially unreasonable banking practices.

50. In opening the Fraudulent Bank Account for Alaxco, Defendant Chase Bank (through its Chase Bank Employee) failed to act in good faith in opening the Fraudulent Bank Account.

51. Chase Bank (through its Chase Bank Employee) aided and abetted and engaged in fraud with Mr. Byishimo and Alaxco to allow them to get possession of Plaintiff's $152,500 by forgery, conversion and/or wrongful transfer using the Fraudulent Bank Account in the name of Alaxco, under Mr. Byishimo's sole control.

52. The Chase Bank Employee assisted and engaged in the fraud in his capacity as an employee of Chase Bank and within the scope of his employment at Chase Bank.

53. The actions undertaken by Chase Bank (through its Chase Bank Employee) were so reckless that intent can be inferred.

54. Chase Bank (through its Chase Bank Employee) knew that Plaintiff would rely upon the representation that Plaintiff's money was going to Alaxco as a Texas limited liability company.

55. The representations occurred when the Fraudulent Bank Account was opened and later when Plaintiff's wire was paid.

56. Plaintiff justifiably relied upon the representation that the money it wired had actually gone to Alaxco to their detriment.

57. As a direct and proximate result of Chase Bank's false, fraudulent and material misrepresentations and omissions, Plaintiff has been damaged in an amount in excess of $152,500.

## COUNT III
### Conversion - As to Defendants Heritier Byishimo and Alaxco

58. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

59. By their wrongful exercise of dominion and control over Plaintiff's monies, Mr. Byishimo and Alaxco have wrongfully converted valuable property of Plaintiff to their own use and benefit.

60. As a result of Mr. Byishimo's and Alaxco's conversion, Plaintiff has been damaged in an amount in excess of $152,500.

## COUNT IV
### Unjust Enrichment - As to Defendants Heritier Byishimo and Alaxco

61. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

62. As set forth above, Mr. Byishimo and Alaxco fraudulently and intentionally misappropriated funds from Plaintiff.

63. Plaintiff has received no benefit whatsoever for its provision of funds to Mr. Byishimo and Alaxco.

64. Mr. Byishimo and Alaxco would be unjustly enriched, at Plaintiff's expense, if they were allowed to enjoy the benefits improperly derived from Plaintiff.

65. The fair value of the benefits conferred on and obtained by Mr. Byishimo and Alaxco is the amount Plaintiff transferred to them ($152,500), plus interest.

66. Thus, Mr. Byishimo and Alaxco have been unjustifiably enriched, and Plaintiff thereby damaged in an amount in excess of $152,500.

## COUNT V
### Negligence / Failure to Act with Ordinary Care Under the UCC and Texas Law – As to Chase Bank

67. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

68. Chase Bank had a duty to conduct its banking affairs, and specifically to open accounts and handle wires, in a reasonable manner and with ordinary care to protect others (like Plaintiff) against unreasonable risks, and in accordance with the standards set forth by the Uniform Commercial Code, including to enact and implement and comply with commercially reasonable security procedures to protect against fraud, to act in good faith when handling accounts and wire transfers, to enact and implement and comply with reasonable commercial standards of fair dealing including in the context of fraudulent transfers, and to act with diligence in detecting fraudulent instruments and transactions.

69.     Chase Bank breached its duties, including those arising under the Uniform Commercial Code and Texas law.

70.     As a result of Chase Bank's breach, Plaintiff has been damaged in an amount in excess of $152,500.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

(a)     Rescinding the Sales Contract;

(b)     Compelling the return of Plaintiff's funds;

(c)     Imposing a constructive trust on Defendants Byishimo's and Alaxco's assets for the benefit of Plaintiff;

(d)     Awarding punitive damages;

(e)     Awarding Plaintiff compensatory damages in an amount to be proven at trial; and

(f)     Awarding Plaintiff its costs, legal fees, interest, and/or granting such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

By: */s/ John David Blakley*
John David Blakley
Attorney-in-Charge
Texas Bar No. 24069388
TXSD Bar No. 2302506
jdblakley@dunnsheehan.com
William D. Dunn
Texas Bar No. 24002023
TXSD Bar No. 585996
ddunn@dunnsheehan.com
DUNN SHEEHAN LLP
3400 Carlisle Street, Ste. 200
Dallas, TX 75204
Telephone: 214.866.0156
Facsimile: 214.866.0070

Xavier M. Bailliard*
New York Bar No. 4652103
xbailliard@ktpllp.com
KRANJAC TRIPODI & PARTNERS LLP
30 Wall Street, 12th Floor
New York, NY 10005
Telephone: (646) 216-2400
Facsimile: (646) 216-2373

*Pro Hac Vice Pending*

**ATTORNEYS FOR PLAINTIFF**