United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAYA AGRICULTURAL FEED MILL CO., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-3088 |
| HERITIER BYISHIMO, ALAXCO INTERNATIONAL, and JPMORGAN CHASE, N.A., | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

Taya Agricultural Feed Mill Company is a Saudi Arabian company that produces feed for livestock and poultry. (Docket Entry No. 1, at ¶ 1). Taya needs "raw materials, including 'dried distillers grain in soluble' (DDGS), a protein-rich grain brand." (*Id.*, at ¶ 6). In November 2020, Alaxco International approached Taya, representing itself as a supplier of this grain and offering to deliver 1000 metric tons for $305,000. (*Id.*, at ¶¶ 7–8). The parties entered into a sales contract and Taya wired Alaxco 50% of the $305,000 in advance of shipment, with the remaining amount to be paid after Taya received the grain shipment. (*Id.*, at ¶ 11). Alaxco was supposed to ship the grain in December 2020. (*Id.*, at ¶ 12). The shipment never arrived. Taya discovered that Alaxco was a fake, nonexistent, entity, created by an individual named Heritier Byishimo to defraud companies like Taya. (*Id.*, at ¶ 16). The promise to ship grain was a scam.

Taya sued Alaxco and Byishimo. Taya also sued JP Morgan Chase, the bank Alaxco and Byishimo used to receive Taya's $152,500 wire payment. Taya alleges that Alaxco used false documents to establish a bank account with Chase Bank. Taya alleges that the documents

contained such obvious errors that Chase should have known that the information was false and that Alaxco was a nonexistent company. (*Id.*, at ¶¶ 17, 20–24, 28–29, 36). Taya also alleges, based on "information and belief," that a Chase Bank employee "accept[ed] knowingly false information" from Byishimo to open the fraudulent account because "Byishimo and the Chase Bank Employee were personal acquaintances." (*Id.*, at ¶ 28).

Chase moved to dismiss Taya's claims against it for fraud, aiding and abetting fraud, and negligence. Based on the motion, the response, and the applicable law, the court grants Chase Bank's motion to dismiss. The claims against Chase are dismissed, without prejudice and leave to amend by no later than **January 25, 2022**. The reasons are set out below.

Taya has also not filed proof of service for Alaxco and Byishimo. Taya filed its complaint in September 2021. Taya is ordered to file a written statement to show cause, by no later than **January 25, 2022**, for why Taya's claims against Alaxco and Byishimo should not be dismissed for failure to serve the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If Taya does not respond adequately to this order by that date, the court will dismiss the claims against Alaxco and Byishimo without further notice.

I.  **The Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

Under Rule 12(b)(6), a federal court dismisses a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). In reviewing a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014). "A court reviewing a motion to dismiss under Rule 12(b)(6) may consider '(1)

the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'" *DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, No. H-20-3606, 2021 WL 1232778 (S.D. Tex. Mar. 12, 2021) (quoting *Inclusive Cmtys. Proj., Inc. v. Lincoln Prop. Co*, 920 F.3d 890, 900 (5th Cir. 2019)).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**II.     Analysis**

Taya alleges that Chase Bank defrauded it, or assisted in defrauding it, by allowing Byishimo to set up a bank account for a fake, nonexistent company. (Docket Entry No. 1, at ¶ 16). Taya alleges that to open a bank account with Chase Bank, Byishimo would have needed to present proof of identification for himself and for his business. (*Id.*, at ¶ 33). Taya alleges that Byishimo presented a counterfeit Certificate of Commercial Registration as proof of identification for Alaxco. (*Id.*, at ¶ 18). Taya alleges that "to any sophisticated entity operating in Texas, including Chase Bank, the Counterfeit Registration was obviously fake and transparently invalid." (*Id.*, at ¶ 19). The indicators of falsity include that: (1) "a brief search of the Texas Secretary of State [website] shows . . . no record of Alaxco at all"; (2) the registration "contains numerous glaring misspellings, miscapitalizations, and sections that are improperly completed"; (3) the registration lists an address for the company's "registered agent and manager" that does not exist; and (4) the registration is "dated April 8, 2016 and contains the purported signature and stamp of Ruth R. Hughs, Secretary of State," but "Ruth R. Hughs did not become Secretary of State for another three years." (*Id.*, at ¶¶ 20–25). Taya alleges that a Chase Bank employee "accept[ed] knowingly false information" because, "upon information and belief, Mr. Byishimo and the Chase Bank Employee were personal acquaintances." (*Id.*, at ¶ 28).

Taya also alleges that Chase Bank was negligent. Taya alleges that "Chase Bank had a duty to conduct its banking affairs, and specifically to open accounts and handle wires, in a reasonable manner and with ordinary care to protect others (like [Taya]), against unreasonable risks," and that Chase Bank breached that duty by failing "to act with diligence in detecting fraudulent instruments and transactions." (*Id.*, at ¶¶ 68–69). Taya also alleges, in the same count,

4

that Chase Bank had a duty to Taya "under the Uniform Commercial Code," and that "[a]s a result of Chase Bank's breach, [Taya] [was] damaged in an amount in excess of $152,500." (*Id.*, at ¶¶ 69–70).

Each claim is addressed in turn.

A. Fraud

Taya brings claims of both "fraud" and "aiding and abetting fraud" against Chase Bank. Chase Bank argues that Taya has not pleaded a fraud claim with particularity, as Federal Rule of Civil Procedure 9(b) requires. (Docket Entry No. 10, at 8). Chase Bank also argues that Texas law does not a recognize a claim for "aiding and abetting fraud." (*Id.*, at 9).

"Fraud requires 'a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 695 (Tex. App. 2003) (quoting *Formosa Plastics Corp. v. USA v. Presidio Engs. & Contractors, Inc.*, 960 S.W.2d 41, 47–48 (Tex. 1998)). Taya did not clearly identify any "representation" made by Chase Bank in its complaint. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Taya argues in its response to the motion to dismiss that the "[bank] account itself and its concomitant, wildly fraudulent documents" are "the statements and omission which were fraudulent."

Taya does not cite authority supporting its argument that a bank account can be considered a "representation." Even if a bank account could be considered a "representation," Taya's claim fails to meet every other necessary element of a fraud claim. First, the bank account itself is not a

5

"material" representation. "A false representation is material if a reasonable person would attach importance to and be induced to act on the information." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010). The existence of a bank account does not, alone, induce action. Chase Bank did not induce Taya to wire money to Alaxco simply by allowing Byishimo to open a bank account. The complaint alleges that Alaxco and Byishimo's false representations about its business and ability to ship grain to Taya, and Taya's reliance on those representations, induced Taya to enter into the contract and wire money to Alaxco.

Second, Taya does not allege that it "relied upon" the bank account or the "concomitant, wildly fraudulent documents" when it decided to enter into a contract with Alaxco and to wire money in advance of receiving the promised grain shipment. Taya does not allege that it viewed any of these "wildly fraudulent documents" before wiring money to Alaxco's account.

Finally, and for many of the same reasons, Taya was not "injured" by the bank account or the associated documents. Again, it was the representations by Alaxco and Byishimo, and Taya's reliance on those representations, that caused Taya's injury. Taya's fraud claim against Chase Bank is dismissed.

Taya also alleges that Chase Bank is liable on an "aiding and abetting" theory of fraud. Taya alleges that Chase Bank "allow[ed] Mr. Byishimo and Alaxco to make or cause to be made false, fraudulent and material misrepresentations and omissions to [Taya]." (Docket Entry No. 1, at 8 (emphasis added)). Chase Bank argues that Texas law does not recognize a claim for aiding and abetting fraud. Taya responds that "Texas courts have, numerous times, explicitly or implicitly recognized a claim for aiding and abetting," citing *Ernst & Young LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex. 2001), as an example. That case does not help Taya. The Texas Supreme

6

Court stated that, "[b]ecause of [the] disposition [of the case], we do not consider whether Texas law recognizes a cause of action for 'aiding and abetting' fraud separate and apart from a conspiracy claim." *Id.* at 583 n.7. The Texas Supreme Court did not "explicitly or implicitly" recognize a claim for aiding and abetting fraud, but declined to decide the issue.

Taya also cites a 2014 Texas Court of Appeals decision that better supports the argument that Texas has implicitly recognized an "aiding and abetting" claim. *See West Fork Advisors, LLC v. SunGard Consulting Servs, LLC*, 437 S.W.3d 917 (Tex. App. 2014). But Taya ignores more recent precedent from this circuit, applying Texas law, holding that a defendant was "entitled to [judgment as a matter of law] on plaintiffs' aiding-and-abetting [a tort] claim because no such claim exists in Texas." *In re Dupuy Orthopaedics, Inc.*, 888 F.3d 753, 782 (5th Cir. 2018). The Fifth Circuit stated that Texas state courts had not clearly recognized a cause of action for aiding and abetting in the commission of a tort, and warned that, "[w]hen sitting in diversity, a federal district court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts." *Id.* at 781.

At best, it is unclear whether Texas courts have recognized a claim for aiding and abetting fraud. As other courts have recognized, a federal court sitting in diversity may not fashion this claim in the absence of Texas law doing so. *See Megatel Homes, LLC v. Moayedi*, 20-cv-0688, 2021 WL 5360509 (N.D. Tex. Nov. 16, 2021) ("[T]here is no cause of action for aiding and abetting fraud under Texas law."); *Fiamma Statler, LP v. Challis*, Case No. 02-18-00374-cv, 2020 WL 6334470, at *10 (Tex. App. 2020) ("Texas has not clearly recognized that assisting or

7

encouraging a primary actor's tort is recognized cause of action independent of a civil conspiracy claim.").

Even if Texas law did recognize a claim for aiding and abetting fraud, dismissal of this claim would still result from the complaint allegations. Taya alleges that Byishimo and Alaxco made fraudulent representations "concerning the fact that Alaxco was a supplier of DDGS and that Alaxco could and would supply Plaintiff with DDGS in exchange for payment of $ 305,000." (Docket Entry No. 1, at 7). Taya does not allege that Chase Bank played any role in assisting or encouraging Alaxco and Byshimo to make these false representations. There is no factual allegation that could plausibly show that Chase Bank or any Chase Bank employee knew about these representations, much less knew that they were false. The claim that an employee was an acquaintance of a person opening a bank account does not plausibly support this inference. A suspicion of possible fraudulent activity by another person does not amount to actual knowledge of the specific fraud committed. *Cf. Litson-Gruenber v. JPMorgan Chase & Co.*, Case No. 09-cv-056, 2009 WL 4884426 (N.D. Tex. Dec. 16, 2009) ("Suspicion and surmise do not constitute actual knowledge. . . . Plaintiff's factual narrative is, at best, merely a story of suspicious activity that Plaintiff contends should have provided Defendant notice of the [fraudulent scheme]. As such, this is not sufficient to satisfy the requirement of actual knowledge for aider and abettor liability."). Taya's aiding-and-abetting claim is dismissed.

    **B.**     **Negligence**

To plead negligence, Taya must plead plausible facts that could show "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of Desoto,*

8

*Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). Taya has failed to allege facts that could show Chase Bank owed a legal duty to Taya or proximately caused Taya's damages.

"Generally, banks owe no duty to someone who is not a customer and with whom the bank does not have a relationship." *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App. 2007); *JPMorgan Chase Bank, N.A. v. Pro. Pharmacy II*, 508 S.W.3d 391, 417 (Tex. App. 2014); *Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App. 2006). There is no allegation that Taya was a customer of Chase Bank or had "an individual relationship with the bank." *Owens*, 229 S.W.3d at 547. Taya's negligence claim "is foreclosed by Texas law, which maintains that, in the absence of a fiduciary or confidential relationship, a bank owes no duty to a person with whom the bank has not dealt and otherwise has no relationship." *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 F. App'x 239, 248 (5th Cir. 2020).

Taya acknowledges that banks generally have no duty to supervise customers to prevent them from defrauding noncustomers. Taya cites to *City Bank v. Compass Bank*, No. 10-cv-62, 2010 WL 2680585 (W.D. Tex. July 2, 2010), to argue that a duty should exist in this case. In *City Bank*, the district court noted that the no-duty "rule" "generally applie[s] in cases where a plaintiff claims to have been defrauded, or otherwise victimized, by an account holder at a bank, and proceeds to claim against the bank under the theory that, had the bank more closely supervised all of its customer accounts, the bank could have surmised that a customer was operating a fraudulent scheme." *Id.* at *3. The court distinguished the general rule from the facts of that case, in which "the potential victim's identity, the mode of harm, and the way to avoid that harm are all particularly known to the bank in advance." *Id*. In that case, the court held, "Texas law may well

9

impose a duty of care on the bank in connection with that victim." *Id.* (citing *Guerra*, 188 S.W.3d at 747).

*City Bank* undermines, not supports, Taya's position. In *Guerra*, the case cited in *City Bank* for the proposition that a bank may owe a duty to a noncustomer, the Texas Court of Appeals *declined* to impose a duty on the defendant bank. In *Guerra*, the plaintiff, Pedro Guerra, who was not a customer of Regions Bank, sued the bank after one of its customers used Guerra's name to open a joint checking account without Guerra's knowledge or permission. The customer opened the account using a check from the IRS payable to "Pedro Guerra." After multiple checks drawn from this "Guerra" account were returned for insufficient funds, and eight merchants had filed complaints with the local district attorney, the district attorney issued a warrant for the real Pedro Guerra—not the person who had opened the account. Guerra was arrested and spent three weeks in jail for checks that he did not issue. He sued Regions Bank for negligence. The *Guerra* court held that Regions Bank owed no duty to Guerra, because "Regions had no relationship with [Guerra] and had no knowledge of him until he filed this suit against Regions. In opening the joint account, Regions could not have believed that it was establishing a relationship with [Guerra]." 188 S.W.3d at 748.

If a bank does not owe a duty to a person, not a customer, who has a fake bank account opened by a customer without that person's knowledge or permission, then Chase Bank did not owe a duty to Taya, a noncustomer, for the wire payment it made to a customer. (Docket Entry No. 15, at 11). If a duty could arise from the facts of this case, the duty would arise in almost any case involving a plaintiff "claim[ing] to have been defrauded, or otherwise victimized, by an

10

account holder at a bank." *City Bank*, 2010 WL 2680585, at *3. Texas law forecloses this conclusion.

Even if a duty did exist, Taya has not alleged facts that could show that it suffered damages proximately caused by a breach of that duty. "Proximate cause has two elements: cause in fact and foreseeability." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). "These elements cannot be established by mere conjecture, guess, or speculation." *Id.* (citation omitted). "If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact." *Id.*

While it is possible that any bank account can be used for "a wrongful purpose," *Owens*, 229 S.W.3d at 547, Taya has not plausibly alleged that Chase Bank did or should have foreseen the wrong committed in this case: that Alaxco would use its Chase Bank account to collect money from a scam involving a Saudi Arabian company and a false promise for the shipment of dried grain. Nor did Chase Bank's opening of the account cause Taya to lose $152,500. Alaxco's false promises, and Taya's reliance on those promises, caused Taya's harm. Chase Bank may have "furnished a condition that made the injuries possible" by allowing Byishimo to open a bank account at Chase, but Chase Bank's act did not cause Taya's injuries.

Because Taya's negligence claim fails on duty, foreseeability, and causation grounds, the negligence claim against Chase Bank is dismissed.

### C. Uniform Commercial Code

Taya pleaded that Chase Bank "fail[ed] to act with ordinary care under the [Uniform Commercial Code]." (Docket Entry No. 1, at 10). Taya brought this claim in the same count as its negligence claim. (*Id.* ("Count V: Negligence/Failure to Act with Ordinance Care Under the

11

UCC and Texas Law—As to Chase Bank")).  Despite broad references to the Uniform Commercial Code, Taya does not cite to any particular provision of the UCC.  (*See* Docket Entry No. 10, at 7 ("Taya makes passing reference to the UCC but does not identify any provision of the UCC implicated by the alleged conduct pled in the Complaint.")).

Taya's response does not mention its Uniform Commercial Code claim and focuses solely on addressing Chase Bank's dismissal of its negligence claim.  Because Taya does not address its Uniform Commercial Code claim in response to Chase Bank's motion to dismiss, and because neither Chase Bank nor this court can discern which provision Taya believes Chase Bank has breached, this claim is dismissed.

### III.     Conclusion

Chase Bank's motion to dismiss is granted, (Docket Entry No. 10).  The claims against Chase Bank are dismissed without prejudice.  Taya may amend its complaint, consistent with Rule 11, no later than **January 25, 2022**.  Taya must also file a written statement to show cause, by no later than **January 25, 2022**, for why Taya's claims against Alaxco and Byishimo should not be dismissed for failure to serve the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  If Taya does not respond adequately by that date, the court will dismiss this case without further notice.

SIGNED on January 11, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge