United States District Court
Southern District of Texas
**ENTERED**
April 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAYA AGRICULTURAL FEED MILL CO., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-3088 |
| HERITIER BYISHIMO, MARCO GARCIA and JPMORGAN CHASE, N.A., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Taya Agricultural Feed Mill Company lost $152,000 after it paid Heritier Byishimo and his alleged company, Alaxco International, for a shipment of 1000 metric tons of distilled grains. The sale was a scam, and the grains never arrived. Taya alleged that JPMorgan Chase Bank, N.A. participated in the scam by allowing Byishimo to set up a bank account for a nonexistent company, using documents that were obviously false. Taya brought claims of fraud and negligence against Chase Bank.

This court dismissed Taya's claims against Chase Bank, noting that each claim failed on several grounds, but gave Taya leave to amend its complaint "consistent with Rule 11." (Docket Entry No. 31). This court also stated that it would dismiss Taya's claims against Alaxco and Byishimo without further notice, unless Taya could show cause as to why it had not yet served those defendants.

Taya amended its complaint by removing Alaxco as a defendant and naming a Chase Bank employee, Marco Garcia, as a new defendant. Taya also added a claim for "conversion," alleging

that the defendants had "wrongfully converted valuable property of Plaintiff to their own use and benefit." (Docket Entry No. 26, at 10).

Other than the added claim and the new defendant, the sole difference in allegations between Taya's original complaint and its amended complaint is that Taya now identifies the Chase employee that it claims, on "information and belief," was a "personal acquaintance[]" of Byishimo. (Docket Entry No. 26, at 20). Taya alleges that "Byishimo enlisted the help of Marco Garcia, an individual who worked at a Chase Bank branch . . . who would accept the knowingly Counterfeit Registration as valid documentation (and proof of the existence and legitimacy of Alaxco) that was required to open a business account at Chase Bank." Taya also alleges that it wired money to Alaxco for the purchase of grains "in reliance on the fact that the account that Garcia opened for Byishimo at Chase Bank was valid." (*Id.*, at 26). This is despite the fact that Taya asserts that "[e]ven a modicum of scrutiny . . . would have demonstrated the totally bogus nature of the documentation," because Alaxco's wire instructions "listed the same address for Alaxco as the address for Chase Bank Branch." (Docket Entry No. 34, at 6).

The addition of the bank employee as a defendant and the accusation that he helped open a bank account for Byishimo do not change any of the reasons why this court previously dismissed Taya's claims. Taya's original complaint was dismissed on numerous grounds. This court dismissed Taya's fraud claim because: (1) fraud requires a "material representation," and "Taya did not clearly identify any 'representation' made by Chase Bank in its complaint"; (2) Taya did not "cite authority supporting its argument that a [fraudulent] bank account can be considered a 'representation'"; (3) "Chase Bank did not induce Taya to wire money to Alaxco simply by allowing Byishimo to open a bank account"; and (4) "Taya was not 'injured' by the bank account

or the associated documents . . . . [I]t was the representations by Alaxco and Byishimo, and Taya's reliance on those representations, that caused Taya's injury." (Docket Entry No. 24, at 5–6). This court dismissed Taya's negligence claim because Chase did not owe a duty to Taya, and even if a duty existed, Taya did not "allege[] facts that could show that it suffered damages proximately caused by a breach of that duty." (*Id.*, at 11). Finally, this court dismissed Taya's claim under the Uniform Commercial Code because "[d]espite broad references to the Uniform Commercial Code, Taya does not cite to any particular provision of the UCC." (*Id.*, at 12).

These findings as to Taya's negligence and fraud claims remain true as to both Chase Bank and Garcia, even with consideration of the amended allegations and newly added party. Dismissal is required.

Taya's added claim for conversion is similarly meritless.[1] Taya's conversion claim contains only the conclusory allegation that "[b]y their wrongful exercise of dominion and control over Plaintiff's monies, Defendants have wrongfully converted valuable property of Plaintiff to their own use and benefit." (Docket Entry No. 26, at 10). A conversion claim requires allegations that a defendant exercised authorized and wrongful control over the property of another. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 457 (5th Cir. 2003). The elements of a conversion claim are: (1) the plaintiff owned or had possession of the property or entitled to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386–87 (Tex. App. 2015).

---

[1] Taya did not respond to Chase Bank and Garcia's motion to dismiss Taya's conversion claim.

Taya voluntarily wired money to Byishimo as part of its contract with Alaxco for the purchase of grain. Taya has not alleged that Chase Bank or Garcia took Taya's money without its consent. *Cf. Mack v. Newton*, 737 F.2d 1343, 1354 (5th Cir. 1984) ("Conversion involves a taking of property without the owner's consent. . . . Since Dairyland consented to, indeed made, the transfers, there was no conversion."); *O'Kane v. Sembritzky*, Case No. H-18-2728, 2020 WL 4604500, at *9 (S.D. Tex. Aug. 11, 2020) ("Conversion requires that [the defendant] took the plaintiffs' money without their consent."). Chase Bank lawfully processed the wire as instructed and authorized by Taya. Chase Bank and its employee did not "use" or "benefit" from the wired money.

Taya also did not "demand return" of the wired money, a required element of a conversion claim. Chase Bank asserts that "Taya failed to follow the steps under the UCC to require a bank to recall a wire." (Docket Entry No. 31, at 11 n.7). Taya has not responded to or disputed this assertion.

Finally, Taya did not plead that the money was wired for Chase Bank's safekeeping and did not plead that the money was intended to be kept segregated, allegations that are necessary in an action for conversion of money. *O'Kane*, 2020 WL 4604500, at *10 (citing *Estate of Townes v. Townes*, 867 S.W.2d 414, 419–20 (Tex. App. 1993)). For these many reasons, Taya's conversion claim fails.

Chase Bank and Garcia's motion to dismiss is granted. (Docket Entry No. 31). The claims against Chase Bank and Garcia are dismissed with prejudice. Taya's claims against Byishimo are also dismissed. On January 25, 2022, Taya asked this court for 30 days to serve Byishimo, after failing to serve him in the year and a half since this case was filed. The 30 days have long passed,

and Taya has not served Byishimo. Taya's claims against Byishimo are dismissed without prejudice.

SIGNED on April 13, 2022, at Houston, Texas.

                                                     Lee H. Rosenthal
                                      Chief United States District Judge